IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Vincent Doll, Jr., #319114, | ) | C/A No.: 1:12-2890-TMC-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Larry Cartledge, Warden of Perry Correctional Institution, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Robert Vincent Doll, Jr., is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections who, through counsel, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.   This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment and return. [Entry #14, #15].   Petitioner timely filed a response. [Entry #19].

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

I.    Factual Background

On March 17, 2005, Petitioner was present on the property of Jack Addington when law enforcement officers executed a search warrant at Addington's residence and surrounding property in Easley, South Carolina. As a result of the execution of the search warrant, the officers found a methamphetamine lab in a storage building, including ingredients used to manufacture methamphetamine, methamphetamine itself, and evidence

that methamphetamine had been recently manufactured. Petitioner was present during the execution of the search warrant and was arrested approximately twenty to thirty feet away from the methamphetamine lab. Agents found a small quantity of methamphetamine in Petitioner's pocket.

## II.     Procedural Background

Petitioner was indicted by the State Grand Jury during the December 2005 term of court for (1) conspiracy to manufacture methamphetamine, (2) manufacturing methamphetamine, and (3) possession with intent to distribute (PWID) methamphetamine (2005-GS-47-27). [Entry #15-3 at 134–136].     Petitioner was also indicted by the State Grand Jury during the November 2006 term of court for two counts of trafficking methamphetamine (2006-GS-47-11).[1] He was represented by Matthew J. Kappel, Esq. at a jury trial on December 5–8, 2006, before the Honorable Alexander S. Macaulay on the PWID and trafficking counts. [Entry #15-1 at 3].   After the jury found Petitioner guilty on all three counts, Judge Macaulay sentenced him to 10 years for PWID (3rd offense) and 25 years on each of the trafficking (3rd offense) counts, all concurrent. [Entry #15-3 at 130–131].

Petitioner appealed his convictions and sentences to the South Carolina Court of Appeals ("Court of Appeals"). On appeal, Petitioner was represented by Robert M. Pachak, Esq., of the South Carolina Commission on Appellate Defense, who filed an

---

[1] This indictment does not appear in the record.

*Anders*[2] brief on November 13, 2007, raising the following issue: "Whether the trial court erred in admitting a prior consistent statement from an audiotape after State's witness Anthony Roper testified because it served to bolster his testimony?" [Entry #15-5 at 4]. Attorney Pachak certified that the appeal was without merit and asked to be relieved as counsel. *Id.* at 8. Petitioner did not file a response to the *Anders* brief.

On November 10, 2008, the Court of Appeals filed an unpublished decision dismissing the appeal and granting counsel's request to withdraw. [Entry #15-6]. The remittitur was issued on November 26, 2008. [Entry #15-7].

Petitioner filed an application for post-conviction relief ("PCR") on April 30, 2009, in which he alleged various grounds of ineffective assistance of counsel. [Entry #15-4 at 5–11]. A PCR evidentiary hearing was held before the Honorable Robin B. Stillwell on May 24, 2010, at which Petitioner and his PCR counsel, J. Brandt Rucker, Esq. (current habeas counsel) appeared. [Entry #15-4 at 12–64].   On August 2, 2010, Judge Stillwell issued an order of dismissal.   *Id.* at 66–74.

Petitioner appealed from the denial of PCR and was represented by Attorney Rucker, who filed a petition for writ of certiorari in the South Carolina Supreme Court on February 22, 2011. [Entry #15-8]. The petition raised the following issue: "Did the circuit

---

[2] *Anders v. California*, 386 U.S. 738, 744 (1967), requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal, furnish a copy of that brief to the defendant, and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited.

court err in holding that Petitioner's trial counsel was not ineffective in failing to investigate Petitioner's prior record?" *Id.* at 3.

The Supreme Court of South Carolina denied the petition on April 6, 2012. [Entry #15-10]. The remittitur was issued on April 24, 2012. [Entry #15-11].

Petitioner filed this federal petition for a writ of habeas corpus on October 8, 2012. [Entry #1].

III.    Discussion

A.    Federal Habeas Issues

Petitioner now asserts he is entitled to a writ of habeas corpus on the following claims of ineffective assistance of counsel:

(a)    Trial counsel failed to properly investigate the case.

(b)    Trial counsel failed to discover Petitioner's minimum prior record, including the absence of evidence of one of the alleged previous drug convictions that enhanced Petitioner's sentence.

(c)    Trial counsel failed to move for a mistrial when the state assistant attorney general violated a sequestration order by talking about the case with the key eyewitness during a break in the trial.

(d)    Trial counsel failed to object to the introduction of drugs found on the petitioner's body.

(e)    Trial counsel failed to object to the admission of drugs found on the scene.

(f)    Trial counsel failed to object to the prosecutor's improper and unduly prejudicial closing argument in which she told the jury that the Petitioner's fingerprints were found on the scene of drug making equipment when no such evidence was found.

[Entry #1 at 5–6].

B.     Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).   "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."   *Id*.   At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor.   *Id*. at 255.   However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

C.     Habeas Corpus Standard of Review

1.     Generally

Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S.

320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.    Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise

bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

> a.    Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A)    the applicant has exhausted the remedies available in the courts of the State; or

(B)    (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A).   In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1)

through a direct appeal, or (2) by filing an application for PCR.   State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976).   If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP.   Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[3] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran,* 220 F.3d 276, 289 (4th Cir.2000)(internal citations omitted). That is to say, the ground must "be presented face-up

---

[3] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar.   Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir.1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy,* 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases,* 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "*outside* of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan*." 559 S.E.2d at 854.   As such, it is an "extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not required to be exhausted."   *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the Court of Appeals.

### b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses

consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar.   As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

3.      Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the states courts in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or by "prov[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v. Branker,* 517 F.3d 700, 714 (4th Cir.), *cert. denied,* 555 U.S. 868 (2008). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the

novelty of a particular claim.  *Id.*   Absent a showing of "cause," the court is not required to consider "actual prejudice."  *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995).   However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

### 4.     Ineffective Assistance of Counsel Claims

To prevail on his ineffective assistance of counsel claim, Petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The court must apply a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Harrington v. Richter*, 131 S.Ct. 770, 787 (2011). This is a high standard that requires a habeas petitioner to show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would "reasonably likely" have been different but for counsel's error is not dispositive of the prejudice inquiry. Rather, the court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 131 S.Ct. at 787–88; *Strickland*, 466 U.S. at 694.

The United States Supreme Court has cautioned that "'[s]urmounting *Strickland*'s high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 131 S.Ct. at 788 (quoting *Padilla v. Kentucky*, 559 U.S.___, ___, 130 S.Ct. 1473, 1485, (2010)). When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Harrington*, 131 S.Ct. at 788. In such circumstances, the "question is not whether counsel's actions were unreasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standards." *Id.* The unreasonableness of the state court determination must be "beyond any possibility of fairminded disagreement." *Id.* at 787. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 786. Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id.,* (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979)).

D.     Analysis

1.     Procedurally-Barred Grounds

As an initial matter, Respondent argues that Petitioner procedurally defaulted on all his claims except for his claim concerning whether counsel was ineffective for allegedly failing to properly investigate his prior drug convictions that were used to enhance his

sentence.[4]   The undersigned agrees.   In these claims, Petitioner alleges trial counsel was ineffective for failing to properly investigate the case, failing to move for a mistrial, failing to object to the introduction of drugs found on Petitioner's body and on the scene, and failing to object to the prosecutor's closing argument.

The only claim raised on direct appeal concerned alleged trial court error in admitting a prior consistent statement of witness Roper, and the only claim raised in the PCR appeal concerned the issue of ineffective assistance of counsel regarding Petitioner's prior record.   To the extent that that the additional ineffective assistance of counsel claims were not raised in Petitioner's direct or PCR appeal, they were not fairly presented to the South Carolina appellate courts and are procedurally barred from federal habeas review. *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review).   As to his general claim of failure to investigate, Petitioner does not specify the deficient error or omission of trial counsel.   Without further explanation of the alleged error or omission Petitioner refers to, the court is unable to grant him relief. *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)("The petition should set out substantive facts that will enable the court to see a real possibility of constitutional error."). "Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary

---

[4] It appears from the response filed by counsel that Petitioner is only pursuing the ineffective assistance of counsel claim concerning the failure to properly investigate the prior criminal record. [Entry #19 at 4–5].   Out of an abundance of caution, the undersigned address the procedural default of the remaining claims recited in the petition.

hearing. *Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992), *overruled on other grounds Gray v. Netherland*, 518 U.S. 152, 165–66 (1996).

        2.      Cause and Prejudice

Petitioner has not shown sufficient cause and prejudice to excuse the default of these claims.   In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, they are procedurally barred from consideration by this court and should be dismissed. *Id.*; *see* 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (In order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.); *Wainwright,* 433 U.S. at 88–91; *Murray*, 477 U.S. at 496; *Rodriguez*, 906 F.2d at 1159 (a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent") (*citing Murray*); *Sawyer v. Whitley*, 505 U.S. 333, 348 (1992); *Bolender v. Singletary*, 898 F. Supp. 876, 881 (S.D. Fla. 1995).

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the state's procedural rule. *Murray*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on these claims. Petitioner had a trial in which he raised no objection, had a direct appeal, a PCR hearing, and an appeal from the PCR in which to raise these issues. However, he failed to raise them, raise them properly, or preserve the issues for habeas review. Petitioner cannot establish cause and prejudice because he has abandoned the opportunities to preserve these issues.

In the alternative, Petitioner must show a miscarriage of justice. In order to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Sclup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

During the trial, the solicitor presented the facts recited in the Factual Background section above, along with the evidence that follows. Law enforcement officers used informant Anthony Roper to purchase methamphetamine on three occasions from Addington at his residence. Thereafter, police obtained and executed a search warrant on

Addington's residence and surrounding property, and Petitioner was arrested in the driveway of the residence with a small amount of methamphetamine in his pocket.

At Petitioner's trial, Addington testified that he was a drug dealer, and that Petitioner cooked the methamphetamine for him with ingredients that Addington supplied. Addington testified that he had known Petitioner most of his life, and they had also cooked methamphetamine at Petitioner's mother's home on several occasions as well as in the small outbuilding behind Addington's house. Addington testified that he and Petitioner had cooked up probably two to three pounds of methamphetamine together. Informant Roper also testified at trial that Petitioner cooked up the methamphetamine for Addington. The solicitor played an undercover wire for the jury in which, after purchasing methamphetamine from Addington, Roper returned to the undercover vehicle and reported to the investigating officer contemporaneously that Petitioner was in the storage building cooking up methamphetamine. Roper testified he had known Addington most of his life, and he knew Petitioner as well.   The jury determined Petitioner was guilty of the trafficking and PWID methamphetamine charges against him.

The record makes an assertion of actual innocence not credible. The undersigned finds Petitioner has failed to meet his burden of demonstrating actual innocence, and therefore, the procedural bars apply as to all his claims except the ineffective assistance of counsel as to his prior record.

3.    Merits Review

As to his exhausted claim, Petitioner alleges that trial counsel was ineffective in failing to properly investigate Petitioner's prior criminal record which was used to enhance his sentence. Under South Carolina law, bond forfeitures cannot be used as a prior conviction unless expressly authorized by statute. *Scott v. South* Carolina, 513 S.E.2d 100 (1999) (holding a bond forfeiture is not the equivalent of a conviction). The crimes of Trafficking in Methamphetamine, Possession of Methamphetamine, and Conspiracy to Traffic Methamphetamine are listed in S.C. Code Ann. § 44-53-375(B), which statute does not authorize the use of bond forfeitures as prior convictions.

Petitioner argues trial counsel should have objected to the use of one of his convictions as a sentence enhancer because he alleges it was a bond forfeiture. In his response to the motion for summary judgment, Petitioner alleges that there "exists a genuine issue as to a material fact, or set of facts in this case. Petitioner disputes that his Simple Possession of Marijuana was a plea or a conviction ever occurred." [Entry #19 at 4].   Petitioner further argues that there is an issue of fact concerning "whether trial counsel understood the pertinent law regarding prior convictions when he was supposed to advise his client as to his potential sentence if he went to trial, and admitted that he did not have sufficient understanding of the prior convictions precedent when he was given time by the Court." *Id.*

A review of the record reveals that Judge Macaulay found Petitioner's methamphetamine convictions were third offense convictions based on the South Carolina

Attorney General's presentation of previous drug convictions as certified by the Pickens County Clerk of Court.  Judge Macaulay gave trial counsel additional time to research whether the conviction was actually Petitioner's third conviction under state law and to file a motion in support of treating the convictions as second offenses. Petitioner maintains that the initial drug conviction in which the Pickens County Clerk of Court records indicate that the Petitioner paid a fine for Simple Possession of Marijuana in 1985 are incorrect. However, his trial counsel did not file a motion.

At the PCR hearing, trial counsel testified he had received Petitioner's NCIC report (rap sheet) from the state and investigated, prior to trial, whether the current charges should be treated as third offenses [Entry #15-4 at 44], as reflected in the sentencing hearing transcript [Entry #15-3 at 120–131]. The sentencing hearing record shows one of Petitioner's prior convictions was for manufacturing marijuana, a general sessions level offense, and Petitioner raised no issue that it could not be used for sentence enhancement. The issue at the sentencing hearing and at PCR was whether Petitioner's prior simple possession of marijuana conviction could be used for sentence enhancement purposes, i.e., was it a conviction or bond forfeiture. The record of the sentencing hearing reflects the State had extensively investigated this issue before sentencing and obtained a certified record from Pickens County reflecting that Petitioner did indeed pay a fine for the simple possession of marijuana conviction and that it was a conviction. [Entry #15-3 at 122–123]. The State provided certified record of the prior conviction to Judge Macaulay at sentencing, *id.*, and he agreed that it was valid for use as a prior conviction for sentencing

purposes. [Entry #15-3 at 120–132]. Trial counsel challenged the validity of the prior simple possession of marijuana conviction based on what Petitioner had told him, that he was not convicted nor did he forfeit bond on the simple possession of marijuana charge, but that it had been dismissed. Trial counsel testified at PCR that the trial judge gave him additional time to investigate the enhancement issue after the sentencing [Entry #15-4 at 45], as reflected in the sentencing hearing transcript [Entry #15-3 at 120–132]. The sentencing hearing transcript reflects that trial counsel asked for, and the court granted, additional time to further investigate the simple possession conviction. *Id.* The trial judge imposed the sentence, but allowed trial counsel ten days within which to investigate the matter further and file any appropriate motion to reconsider sentence if he could find evidence that the simple possession of marijuana conviction was a bond forfeiture rather than a conviction. *Id.* Trial counsel testified he found a record in the Pickens County archives showing Petitioner had been convicted and paid a fine on the simple possession of marijuana charge, but that he found no record of a bond forfeiture. [Entry #15-4 at 44–45]. Trial counsel stated he found no evidence to refute the State's position that the current charges were third offenses. [Entry #15-4 at 44–54]. Trial counsel stated nothing in Petitioner's prior records indicated any of his prior offenses resulted in a bond forfeiture [Entry #15-4 at 45–54], as corroborated by the sentencing hearing transcript [Entry #15-3 at 120–132] and the PCR transcript [Entry #15-4 at 12–64]. As a result, trial counsel testified, he did not file a post-trial motion asking the court to reconsider the sentence because he could not show the simple possession conviction was not a valid conviction for

sentence enhancement purposes. [Entry #15-4 at 44–45]. The PCR court further found trial counsel adequately conferred with Petitioner, conducted a proper investigation, and was thoroughly competent in his representation. The PCR court found Petitioner failed to meet his burden of proving trial counsel did not adequately investigate his history of prior convictions. The PCR court found trial counsel performed a thorough investigation into whether Petitioner's prior convictions were eligible to be used to enhance his current charges. The PCR Court found trial counsel's testimony credible and found Petitioner's testimony not credible [Entry #15-4 at 70]. The PCR Court found Petitioner had failed to produce any documentation to support his argument that one of his prior convictions was a bond forfeiture and had, therefore, failed to meet his burden of preponderance of evidence at PCR [Entry #15-4 at 70–71]. *Referencing, e.g.*, *Palacio v. State*, 511 S.E.2d 62, 66 (1999) (holding that, since the contents of challenged documents were not presented at the PCR hearing, the applicant could not demonstrate how the failure of counsel to obtain these documents prejudiced the defense); *Frasier v. State*, 570 S.E.2d 172, 174 (2002)(holding that PCR applicant's burden of proof is preponderance or greater weight of the evidence, citing Rule 71.1(e), SCRCP). The only evidence Petitioner produced that his 1985 conviction was a bond forfeiture was his own non-credible testimony.

Petitioner raised this singular issue in his PCR appeal, and the South Carolina Supreme Court denied certiorari.

Respondent argues the PCR court's factual findings were based on the record and supported by the arguments and factual findings as reflected in the trial transcript.

Respondent notes that two separate judges heard, and rejected, the defense arguments on improper sentencing:   Judge Macaulay at sentencing, and Judge Stillwell at PCR.

In reviewing the record, the undersigned finds that the evidence introduced to Judge Macaulay and at the PCR hearing did not indicate Petitioner's prior 1985 conviction was a bond forfeiture. Because Petitioner had two prior convictions for drug offenses that each constituted separate drug convictions under state law and could be used as sentence enhancers, the instant offenses appear to have been Petitioner's third drug offenses. The PCR court's factual determination regarding credibility is entitled to deference in this action. *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008), *citing* 28 U.S.C. § 2254(e)(1) (for a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear). *See also Marshall v. Lonberger*, 459 U.S. 422, 434, (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them"). The undersigned finds that Petitioner has failed to overcome the deferential standard of review accorded the state PCR court's determination of this issue and has failed to demonstrate that his counsel's performance was otherwise deficient. Petitioner has not shown that the state court's analysis of this issue misapplied clearly established federal law or, even if there was an error, that it was unreasonable. *See Williams*, 529 U.S. at 410. Based on the foregoing, Petitioner is not entitled to federal habeas relief on this ground and it is recommended that it be dismissed.

IV.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Respondent's motion

for summary judgment [Entry #14] be granted.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

July 3, 2013                                          Shiva V. Hodges
Columbia, South Carolina                             United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.   Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.   "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"   *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*   Fed. R. Civ. P. 6(a), (d).   Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**   28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).