IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Robert Vincent Doll, ) | |
| ) | C/A No. 1:12-2890-TMC |
| Petitioner, ) | |
| ) | |
| v.  ) | **OPINION & ORDER** |
| ) | |
| Warden Leroy Cartledge, ) | |
| ) | |
| Respondent. ) | |

  This matter is before the court on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge.[1] On July 3, 2013, Magistrate Judge Shiva V. Hodges filed a Report and Recommendation recommending Respondent's Summary Judgment Motion (ECF No. 14) be granted and the petition be dismissed with prejudice. (ECF No. 20). The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. *Id*. at 22. Petitioner filed objections to the Report on July 22, 2013. (ECF No. 21).

  The court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the

---

[1] The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### Background/Procedural History

The court adopts the magistrate judge's recitation of facts and procedural history, but briefly sets out the pertinent part. In December 2005, Petitioner was indicted for conspiracy to manufacture methamphetamine, manufacturing methamphetamine, and possession with intent to distribute ("PWID") methamphetamine. In November 2006, Petitioner was also indicted on two counts of trafficking methamphetamine. A jury convicted Petitioner on the PWID and trafficking counts and he was sentenced him to 10 years for PWID (3rd offense) and 25 years on each of the trafficking (3rd offense) counts, all to run concurrently. In his PCR application, Petitioner raised several claims of ineffective assistance of counsel. On May 24, 2010, hearing was held on his PCR application. On August 2, 2010, the PCR court issued an order of dismissal. Petitioner appealed the denial of his PCR application and the Supreme Court of South Carolina denied the petition on April 6, 2012. Petitioner then timely filed this habeas petition.

### Discussion

The magistrate judge found Petitioner procedurally defaulted on all his claims except for his claim concerning whether counsel was ineffective for allegedly failing to properly investigate Petitioner's prior drug convictions which were used to enhance his sentence. Specifically, Petitioner argues trial counsel should have objected to the use of one of his prior convictions, a 1985 simple possession of marijuana offense, as a sentence enhancer because he alleges it was a bond forfeiture. Petitioner contends that his prior possession of marijuana was actually a bond forfeiture, and not the result of a guilty plea or conviction.

Under South Carolina law, bond forfeitures cannot be used as a prior conviction unless expressly authorized by statute. *Scott v. South Carolina*, 513 S.E.2d 100 (1999) (holding a bond

2

forfeiture is not the equivalent of a conviction).  There is no South Carolina statute allowing the use of bond forfeitures for possession of simple marijuana.

At Petitioner's sentencing hearing, trial counsel sought a postponement of Petitioner's sentencing so that trial counsel could further research Petitioner's prior convictions.  (ECF No. 15-3 at 120).  There was a lengthy discussion regarding whether Petitioner's prior conviction for simple possession of marijuana was the result of a bond forfeiture.  Trial counsel stated while Petitioner was adamant that the offense was "dropped and he did not pay a fine or forfeit bond," his paralegal had researched the issue and was unable to find anything corroborating this. (ECF No. 15-3 at 122).  Trial counsel wanted to personally research the issue.  *Id.*  The prosecutor responded that the state had extensively researched the issue and the certified record showed Petitioner had paid a fine, and thus is was a conviction which could be used to enhance Petitioner's sentence.  (ECF No. 15-3 at 122-23).   The trial court sentenced Petitioner, but gave Petitioner ten days to research the issue and file a motion challenging the sentence.  (ECF No. 15-3 at 124).

At the PCR hearing, Petitioner testified that his prior conviction for simple possession of marijuana offense "never come about."   (ECF No. 15-4 at 28).  Both Petitioner and his sister testified that it was "possible" that he bonded out and forfeited bond.  *Id.*  at 29, 39. Petitioner also testified that during his sentencing, his trial counsel did not challenge his prior offenses.  *Id.* at 30.  At the PCR hearing, trial counsel testified that his assistant had researched Petitioner's criminal history and he also personally went to the Pickens County Clerk of Court to verify Petitioner's prior conviction.  *Id.* at 44, 53. Trial counsel testified he "took the convictions as seriously as [he] knew how and researched it as best [he] could."  *Id.* at 51.  He testified that the certified records merely state a $276 fine was paid and nothing in the records indicated that there had been a bond forfeiture.  (ECF No. 15-4 at 54).  Trial counsel testified he did not file a post-

3

trial motion because based on the certified record, he did not think there were any grounds for such a motion. *Id*. at 45.

After summarizing Petitioner and trial counsel's testimony, the PCR court found Petitioner's testimony not credible and trial counsel's testimony credible. In her Report, the magistrate judge noted that the PCR court's determination regarding credibility is entitled to deference and found Petitioner had not overcome the deferential standard of review accorded to credibility determinations.  (ECF No. 20 at 21).  Upon review of Petitioner's objections, Petitioner objects solely to the magistrate judge's conclusions regarding the PCR's court's determination of credibility.  (Objections at 1).

Under 28 U.S.C. § 2254, "'federal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them.'" *Cagle v. Branker,* 520 F.3d 320, 324 (4th Cir. 2008) (*quoting Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)) (alteration in original). "Credibility determinations, such as those the state . . . court made regarding [a witness], are factual determinations. As such, they 'are presumed to be correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding.'" *Wilson v. Ozmint*, 352 F.3d 847, 858 (4th Cir. 2003) (quoting *Miller–El*, 537 U.S. at 340, 123 S.Ct. 1029). "[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear." *Cagle*, 520 F.3d at 324.  Upon review of the record and given the proper deference to the state court's credibility determinations, the court finds the magistrate judge did not err in her analysis.  The Court thus accepts and adopts the Magistrate Judge's analysis as to the merits of this petition, and concludes that Respondent is "entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).

4

**Conclusion**

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court finds Petitioner's objections are without merit. Respondent's Summary Judgment Motion (ECF No. 14) is **GRANTED** and the Petition is **DISMISSED with prejudice**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

                                                                         s/Timothy M. Cain
                                                                        United States District Judge

Anderson, South Carolina
August 5, 2013

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.